IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NORMAN L. MAYES, #287-515 *
    Plaintiff
    v. * CIVIL ACTION NO. CCB-10-1308

JOHN ROWLEY, *
DEPARTMENT OF PUBLIC SAFETY AND
  CORRECTIONAL SERVICES, *
    Defendants
                             ***

MEMORANDUM

Pending is a motion to dismiss or for summary judgment filed by defendants John Rowley and Department of Public Safety and Correctional Services. ECF No. 19. Plaintiff has responded.[1] ECF No. 21. The case is ripe for dispositive review. Upon review of the papers and exhibits filed, the court finds an oral hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2010).

**Background**

Plaintiff alleges that on September 11, 2008, while housed at the North Branch Correctional Institution ("NBCI"), he pled guilty to imate rule violations which resulted in his being sentenced to 455 days of disciplinary segregation and loss of visits for 180 days. Compl. at 5, ECF No. 1. The following day his propery was inventoried and he was advised that he was not permitted all of his property on segregation. He was given the opportunity to mail out his excess property or have it destroyed. Plaintiff elected to have some of his property mailed out of

---

[1] Also pending are plaintiff's motions for reconsideration and for default judgment. ECF Nos. 18 and 22. Plaintiff seeks reconsideration of this court's previous decision denying his request for default judgment and renews the motion again stating his mistaken belief that defendants failed to timely answer his complaint. The motions shall be denied. Defendants timely sought and were granted extensions of time to respond to the complaint. The pending dispositive motion filed in lieu of an answer to the complaint is permissible under the Federal Rules of Civil Procedure.

the institution and other property destroyed. He now states that taking his property was improper because he was not sanctioned with the loss of property at the disciplinary hearing, and the Division of Correction and Institutional Directives indicate that when a plaintiff is placed on segregation, his property is to be stored. Plaintiff further maintains that to the extent there is a written policy that excess property must be mailed out or destroyed such policy is improper because it had not been approved by a Regional Commissioner. *Id*. at 7.

Western Correctional Institution's ("WCI") Institutional Directive ("ID") 220-001-1 (IX)(H) provides that "[i]nmates who receive a disciplinary segregation sanction of 180 days or more will be permitted to retain only that properly allowed in WCI ID 110 6-2, Appendix 1. All other property will be mailed out of the institution at the inmate's expense or disposed of per DCD 220-004." Defs.' Mot. to Dismiss, Ex. 2 at 10, ECF No. 19. DCD 110-6 provides, inter alia, that an inmate may be denied items of property after having been found guilty at an adjustment hearing and a sanction imposed. Defs.' Mot. to Dismiss at 3 n.2, ECF No. 19. NBCI adopted this ID from WCI at the time NBCI opened as a receiving institution. Durst Decl. at 22.

**Standard of Review**

A. **Motion to Dismiss**

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560-562 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 563. The court

2

need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

**B.     Summary Judgment**

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc*., 290 F.3d 639, 645 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526

(internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

**Analysis**

**A.      Respondeat Superior**

Plaintiff's complaint against Warden John Rowley is based solely upon the doctrine of *respondeat superior,* which does not apply in § 1983 claims. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983); *see also Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (no respondeat superior liability in a *Bivens* suit). Liability of supervisory officials must be "premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). Supervisory liability under § 1983 must be supported with evidence "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to the knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,'; and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (citation omitted).  Plaintiff has pointed to no action or inaction on the part of Warden Rowley that resulted in a constitutional injury, and accordingly, his claims against Rowley shall be dismissed.

**B.      Eleventh Amendment**

Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of

another state, unless it consents. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in State courts, *see, e.g.*, Md. Code Ann., State Gov't § 12-201(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. Thus, plaintiff's complaint against the Department of Public Safety and Correctional Services, an agency of the State of Maryland, is barred by the Eleventh Amendment.

**C.    Loss of Property**

Under 42 U.S.C. § 1983, plaintiff must establish a violation of a constitutional right or federal law. *See Baker v. McCollan*, 443 U.S. 137, 146 (1979). Prisoners typically have a liberty interest where good time credits are lost (thus lengthening the amount of time to be served), or where actions are taken that unexpectedly exceed the scope of their sentence. In these circumstances, the procedural protections of the Due Process Clause come into play. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Where these contingencies are not implicated, prisoner due process rights will be found based on mandatory language in state law or regulations that create enforceable expectations,[2] and where the adverse action imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

Even if plaintiff had named the proper parties, his case would be subject to dismissal. In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post-deprivation

---

[2]*See Wolff v. McDonnell*, 418 U.S. 539, 545 n. 5 (1974); *see also Meachum v. Fano*, 427 U.S. 215, 228 (1976).

remedy.³ *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).⁴

**D.     DCD violation**

The court finds that the Institutional Directive requiring confiscation and disposition of personal property for those on long-term disciplinary segregation does not contain mandatory language permitting confiscation only in instances where such sanction is incorporated into the adjustment sanction handed down by a hearing officer. Furthermore, prisoners for a variety of reasons, including space limitations, are directed to send property to the "outside" for safe-keeping. That plaintiff was provided this option while serving a long-term disciplinary segregation sentence does not amount to an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" in violation of *Sandin*. To the extent that written directives were not followed to the letter, the adoption of procedural guidelines does not give rise to a liberty interest; thus, the failure to follow regulations does not, in and of itself, result in a violation of due process. *See Culbert v. Young*, 834 F.2d 624, 628 (7th Cir. 1987).⁵

---

³ Plaintiff may avail himself of remedies under the Maryland's Tort Claims Act and through the Inmate Grievance Office.

⁴ Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post-deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given *Juncker's* reliance on *Parratt* in dismissing plaintiff's due process claim.

⁵ Regardless of any alleged violations of internal regulations, the law is settled that the failure to follow a prison directive or regulation does not give rise to a federal claim, if constitutional minima are met. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).

## **Conclusion**

For the reasons stated above, defendants' motion to dismiss or, in the alternative, for summary judgment shall be granted. A separate order follows.


<u>May 12, 2011</u>                                       _____/s/_____
Date                                                      Catherine C. Blake
                                                           United States District Judge